J-S33022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

            v.                              :
                                          :
                                          :

CHRISTIAN A. VIDAL                 :
                                          :

           Appellant              :    No. 1375 MDA 2023

Appeal from the PCRA Order Entered September 1, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0003084-2011

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED OCTOBER 22, 2024**

Christian A. Vidal appeals from the order denying his first petition pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. Counsel has filed a motion to withdraw and an accompanying **Anders** brief.[1] For the reasons that follow, we affirm the denial of post-conviction relief and grant counsel's application to withdraw.

---

[1] As this appeal is from the denial of post-conviction relief, counsel was required to comply with the less restrictive procedural requirement of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), which applies to requests to withdraw from a defendant's direct appeal. Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** Brief in lieu of a **Turner**/**Finley** letter. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004). Thus, we will consider counsel's petition to withdraw under the **Turner**/**Finley** standards.

The pertinent facts and procedural history are as follows: On June 6, 2012, Vidal entered a guilty plea to one count each of statutory sexual assault and indecent assault. On December 19, 2012, following an evidentiary hearing, Vidal was designated a sexually violent predator ("SVP"). The trial court then sentenced Vidal to an aggregate term of 39 to 96 months of imprisonment and a consecutive seven-year probationary term. Vidal was also required to register as an SVP under the Sexual Offender Registration and Notification Act ("SORNA"). Vidal filed neither a post-sentence motion nor a direct appeal.

On June 8, 2020, more than seven years after he was sentenced, Vidal filed a counseled petition requesting to unseal the record. In this petition, Vidal asserted that, due to developments in the law, he may be eligible for relief from SORNA's registration requirements. No order disposing of this petition appears in the certified record. Nonetheless, on January 5, 2021, Vidal filed a counseled PCRA petition in which he raised multiple claims, including the ineffective assistance of counsel and that the SORNA registration requirements could not be applied retroactively. Thereafter, the Commonwealth filed a response and motion to dismiss Vidal's petition.

On May 23, 2022, the PCRA court held a hearing via Zoom video conference. At this time, counsel stated that, although Vidal indicated to plea counsel that he wanted to appeal, he was never given the opportunity to do so. As counsel testified, "[Vidal] wasn't aware of the consequences to be

designated [an SVP] and I think at [] least you should reinstate his rights to appeal." N.T. 5/23/22, at 2-3. The Commonwealth argued that that claim was not raised by Vidal in his PCRA petition, and that the record established that Vidal was fully apprised of his post-sentencing rights. PCRA counsel responded, "I think you still have to take testimony from him as to whether or not he was cognitive [of] his rights to appeal, whether he instructed his counsel to appeal and what happened as a result of that." *Id.* at 3. The PCRA court closed the hearing by stating that an opinion would be forthcoming.

On August 11, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Vidal's petition. The court stated that the PCRA petition was untimely, and Vidal did not plead and prove a time-bar exception. Vidal did not file a response. By order entered September 1, 2023, the PCRA court denied Vidal's petition. This appeal followed.

On March 6, 2024, Vidal's counsel filed in this Court a motion to withdraw in which he averred that due to irreconcilable differences with Vidal, counsel could no longer effectively represent him. On March 8, 2024, this Court entered an order granting counsel's motion to withdraw and remanded the case so that, if eligible, new counsel could be appointed. On May 15, 2024, the PCRA court appointed current counsel.

Before we address the merits of the issues Vidal wished to raise on appeal, however, we must first determine whether PCRA counsel's filing complies with the procedural requirements of **Turner** and **Finley**. A

***Turner*/*Finley*** "no merit" letter must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petition wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. ***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted). "Counsel must also send a copy of the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. ***Id.*** If these requirements are met, "we then conduct an independent review of the petitioner's issues." ***Id.***

Here, PCRA counsel has substantially complied with the ***Turner*/*Finley*** requirements. The brief also stated that because Vidal's PCRA petition was untimely any appeal would be frivolous. PCRA counsel has also included a copy of a letter addressed to Vidal informing him of counsel's motion to withdraw, attaching the brief, and explaining to Vidal his right to retain private counsel or proceed *pro se*. Given PCRA counsel's compliance, we must now determine if counsel's assessment of Vidal's appeal is supported by the record.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Vidal's judgment of sentence became final on January 18, 2013, thirty days after the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Vidal had until January 21, 2014, to file a timely

petition.[2]   Because Vidal filed the petition at issue in January 2021, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  *See Hernandez*, *supra*.

The PCRA court found that Vidal did not raise an exception to the PCRA's time bar in his petition.  Our review of the petition confirms this conclusion.  In his petition, Vidal raised the claim that plea counsel was ineffective for failing to inform him of his appellate rights.  Claims of counsel's ineffectiveness cannot be used to salvage an otherwise untimely PCRA.  *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

Finally, after an independent review of the record we have failed to discover any non-frivolous issue.[3]   We therefore grant counsel's petition to withdraw and affirm the order denying Vidal post-conviction relief.

Motion to Withdraw granted.  Order affirmed.

---

[2] Vidal's one-year period ended on a Saturday, and the following Monday was a national holiday.  *See generally*, 1 Pa.C.S.A. § 1908.

[3] Additionally, we note Vidal originally sought counsel to determine whether he was eligible for relief from the SORNA registration requirements for an SVP. Our Supreme Court has held that the PCRA is not the exclusive way to challenge the constitutionality of sex offender registration requirements. *Commonwealth v. Lacombe*, 234 A.3d 602, 618 (Pa. 2020).  However, the high court has also held that SORNA registration requirements, as applied retroactively to SVPs, is constitutional because the requirements are not punitive.  *See generally*, *Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/22/2024